**SO ORDERED.**

**SIGNED this 29 day of April, 2010.**

*Stephani W. Humrickhouse*
Stephani W. Humrickhouse
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                                                                      CASE NO.

KATHIE L. RUSSELL                                                          10-01651-8-SWH

      DEBTOR

### ORDER DENYING MOTION FOR RELIEF FROM STAY

The matter before the court is the motion for relief from the automatic stay filed by Selene Finance, LP. A hearing took place in Raleigh, North Carolina on April 21, 2010.

Kathie L. Russell filed the present petition for relief under chapter 13 of the Bankruptcy Code on March 2, 2010. Selene Finance holds a deed of trust on the debtor's real property at 601 Bynum Street in Chapel Hill, North Carolina (the "Property"). In February of 2009, Selene initiated a foreclosure proceeding against the Property, leading to a foreclosure sale on June 8, 2009. On June 18, 2009, Ms. Russell filed a prior petition for bankruptcy protection (Case No. 09-05059-8-JRL), staying the foreclosure process. Shortly thereafter, Selene was granted relief from the automatic stay and resumed foreclosure efforts. Ms. Russell's June 2009 bankruptcy case was dismissed on January 13, 2010, and Selene held a second foreclosure sale on January 15, 2010. The same day, Ms. Russell filed a state court action related to the foreclosure proceeding, which delayed

confirmation of the sale. Ms. Russell withdrew her state court complaint on March 1, 2010 and filed for bankruptcy protection in the present case on March 2, 2010.

Selene contends that the timing and repetitive nature of Ms. Russell's bankruptcy filings, as well as the state court action, are part of a scheme to delay, hinder, and defraud creditors, frustrating Selene's efforts to enforce its state law right to foreclose on the Property. Selene seeks in rem relief from the automatic stay under §§ 362(d)(4) and 105 of the Bankruptcy Code.

The debtor counters that she intends to address payment of Selene's note through her plan of reorganization and in the meantime proposes adequate protection payments of $1,000 per month. Ms. Russell testified that the Property was purchased as a rental property. The debtor accepted an initial tenant upon a referral, but the tenant made few rent payments, caused significant damage, and stole some items from the property before vacating the premises. In the process of arranging for replacement and repair, as well as other needed maintenance, a previously trusted contractor accepted a substantial payment for the work but left town with Ms. Russell's money and without having performed the work. As a result of these expenditures, as well as a sizeable down payment, the debtor seeks to retain the Property in order to eventually recoup her losses and use the Property as a source of income. The debtor believes that the Property can be rented in the current market for approximately $1,200 per month.

Based on the unfortunate series of circumstances that the debtor has faced in connection with the Property, and testimony tending to show that the debtor's income has increased to enable her to support her chapter 13 plan, the court is not convinced that the bankruptcy filings and state court action were part of a scheme to hinder, delay, and defraud creditors. Rather, it appears that Ms. Russell properly seeks to utilize the Property to support her chapter 13 plan. The court will therefore

deny the motion for relief from stay, but will grant Selene adequate protection in the form of monthly payments from the debtor. The debtor is directed to make payments of $1,000 per month to the creditor by mailing payments to creditor's counsel at Shapiro & Ingle, 8520 Cliff Cameron Drive, Suite 300, Charlotte, NC 28269, beginning May 1, 2010, and continuing on the first of each month thereafter, until confirmation. If the creditor does not receive any such payment by the 5th day of the month due, the stay will immediately lift as to Selene Finance, LP without further notice or hearing. Should the stay lift under these circumstances, the court declines to provide for in rem relief at this time.[1]

Accordingly, the motion for relief from stay is **DENIED,** and the debtor is directed to make adequate protection payments as provided in this order.

**SO ORDERED**.

**END OF DOCUMENT**

---

[1] The court does not reach the question of whether in rem relief remains available under § 105 in light of the addition of § 362(d)(4) by the 2005 Bankruptcy Abuse and Consumer Protection Act. As stated above, the court does not find that Ms. Russell sought to delay, hinder, and defraud creditors pursuant to § 362(d)(4). Even if § 105 is available to grant in rem relief based on an abuse of process, the court does not find "extraordinary circumstances where ordinary relief will be ineffective," for the reasons stated above. In re Harris, Case No. 04-01644-5-ATS (Bankr. E.D.N.C. June 6, 2005).